IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   1:18-cr-00331-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICARDO DANIEL-ZEFERINO,

Defendant.

_____

## PLEA AGREEMENT
_____

The United States of America, by and through Robert C. Troyer, United States Attorney for the District of Colorado, and Pete Hautzinger, Assistant United States Attorney, and the defendant, RICARDO DANIEL-ZEFERINO, personally and by counsel, Barrett Weisz, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I.   AGREEMENT

### A.   Defendant's Plea of Guilty:

The defendant agrees to plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(1), illegal re-entry of a previously deported alien following a felony conviction.   The defendant further agrees to waive his appellate rights, as set forth below.

### B.   Government's Obligations:

In exchange for the defendant's plea of guilty and waiver of certain appellate rights,

EXHIBIT
1
PENGAD·Bayonne N.J.

the United States agrees to (1) recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; and (2) request a sentence at the bottom of the advisory guideline range resulting from the "fast track" disposition.

**C.    *Early Disposition ("Fast Track") Agreement:***

This plea agreement is made pursuant to the District of Colorado's early disposition ("Fast Track") program based on USSG 5K3.1 ("early disposition programs").   The government agrees to file a motion for a three-level downward departure pursuant to USSG § 5K3.1 ("early disposition programs").   In exchange for the motion for a 3-level downward departure described above, the defendant agrees to: (a) not file any motions pursuant to Rule 12(b)(3), *Federal Rules of Criminal Procedure*; (b) not request any further or additional departure or variance under either the Sentencing Guidelines or 18 U.S.C. § 3553(a); and (c) waive certain appellate rights, as described below.   Although the parties understand that the Guidelines are only advisory, the United States and the defendant stipulate and agree that this fast track disposition is appropriate and results in a sentence that advances the sentencing goals set forth in 18 U.S.C. § 3553(a).

**D.    *Defendant's Waiver of Appeal:***

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection

with this prosecution, conviction, or sentence unless it meets one of the following criteria:
(1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2)
the sentence exceeds the advisory guideline range that applies to a total offense level of
**10**; or (3) the government appeals the sentence imposed.   If any of these three criteria
apply, the defendant may appeal on any ground that is properly available in an appeal
that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this
prosecution, conviction, or sentence in any collateral attack (including, but not limited to,
a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the
defendant from seeking relief otherwise available in a collateral attack on any of the
following grounds: (1) the defendant should receive the benefit of an explicitly retroactive
change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived
of the effective assistance of counsel; or (3) the defendant was prejudiced by
prosecutorial misconduct.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead
guilty are as follows:

*First*:   The defendant was an alien (not a citizen or national of the United States)
at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United
States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: The defendant acknowledges that he was convicted of a felony prior to his removal from the United States.   This is not an essential element of the offense, but rather is a sentencing factor for the Court.   *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III.   STATUTORY PENALTIES

The maximum statutory penalty for a violation of 8 U.S.C. § 1326(a) and (b)(1) is not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.   If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV.   COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.   If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, to be denied admission to the United States, and to be denied citizenship.

## V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.   That basis is set forth below.   Because the Court must, as part of its sentencing methodology, compute the advisory guideline range

4

for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.   To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant is a native and citizen of Mexico without claim to lawful immigration status in the United States.   The defendant was last removed from the United States on April 25, 2015, through Del Rio, Texas.   The defendant did not seek or obtain permission to return lawfully to the United States.   In other words, the defendant did not obtain the express consent of the proper legal authority to reapply for admission to the United States. Nonetheless, he returned.   ICE Deportation Officers encountered him in Gunnison County, Colorado on June 25, 2018.

With respect to his criminal history, the defendant has sustained the following convictions:

- Convicted April 10, 2015 in Gunnison County District Court, of Felony Menacing, a class 5 felony.   Received 41 days jail with a 3 year Department of Corrections sentence suspended.

- Convicted October 3, 2008 in Gunnison County Court, of Driving Under the

Influence, a traffic misdemeanor.   Received 181 days jail.

- Convicted on May 5, 2008 in Montrose County Court, of Driving Under the Influence, a traffic misdemeanor.   Received 10 days jail.

- Pending charges in Gunnison County Court for Driving Under the Influence, Driving Under Restraint and Lane Usage Violation.

- Pending charges in Alamosa County Court for Driving Under Restraint- Alcohol Related.

The defendant has the following removal history:

- Was removed to Mexico from the United States in 2008, 2009 and 2015.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing.   The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.   In determining the particular sentence to be imposed, the Court is required to consider seven factors.   One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG).   To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.   The base offense level is **8**.

B.   The following specific offense characteristics apply.   A **4**-level increase

applies because the defendant was convicted of a felony after his first removal.   *See* 2L1.2(b)(3)(D).

  C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

  D. The adjusted offense level therefore would be **12**.

  E. The defendant should receive a **2**-level adjustment for acceptance of responsibility under § 3E1.1.   The resulting, total offense level therefore would be **10**.

  F. The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the defendant's Criminal History Category would be III.

  G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

  H. <u>Imprisonment</u>:   The advisory guideline range of imprisonment resulting from an offense level of **10** and the above criminal history category is **10-16** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from **6-30** months.

  <u>Note</u>:   As stated above, the government agrees to request a 3-level downward departure in light of the "fast track" disposition.   The range of imprisonment resulting from an offense level of **7** and a criminal history of III would be **4-10** months. However, in order to be as accurate as possible, with the criminal history category undetermined

7

at this time, the offense level estimated above could conceivably result in a range from **0-21** months.

In any event, the guideline range would not exceed the cumulative statutory maximum applicable to the count of conviction.

I.    Fine:   Pursuant to guideline § 5E1.2, assuming an estimated offense level of **10**, the fine range for this offense would be $4,000 to $40,000, plus applicable interest and penalties.   The range for an offense level **7** is $1,000 to $9,500.

J.    Supervised Release:   The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years.   However, pursuant to § 5D1.1(c), the Court ordinarily should not impose a term of supervised release because supervised release is not required by statute and the defendant is an alien who likely will be deported after imprisonment.   The Court may consider imposing a term of supervised release if the Court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of the particular case. § 5D1.1, comment (note 5).

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party.   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory

guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:  _09-07-18_            X _Ricardo  Daniel z._
                             Ricardo Daniel-Zeferino
                             Defendant

Date:  _9/7/18_

                             Barrett Weisz
                             Attorney for the Defendant

Date:  _____

                             Pete Hautzinger
                             Assistant United States Attorney

9

guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: _____

_____
Ricardo Daniel-Zeferino
Defendant


Date: _____

_____
Barrett Weisz
Attorney for the Defendant


Date: 10/5/18

_____
Pete Hautzinger
Assistant United States Attorney